Stancato v. Chicago Business Men's Ass'n, 246 Ill. App. 464.

tions to enlarge the amount found due of $8,534 by adding thereto the sum of $4,000, and to make the total amount to be found due by such decree, as enlarged, of $12,534, with interest at the legal rate of 5% from the date of the entry of the original decree, July 17, 1926, to date of payment, and to modify the decree by providing that on failure of complainants, or some one for them, to pay the aforesaid amount of $12,534, within 30 days of the final entry of the decree, as enlarged, complainants' bill be dismissed for want of equity.

> *Decree affirmed with directions to add thereto the sum of $4,000, and to dismiss the bill for want of equity on failure to pay amount of decree as enlarged within thirty days.*

TAYLOR, P.J., and WILSON, J., concur.

---

### Harry Stancato, Appellee, v. Chicago Business Men's Racing Association, Appellant.

### Gen. No. 31,719.

CONSOLIDATION AND SEVERANCE OF ACTIONS—*right to consolidate actions by different plaintiffs for tort of single defendant.* The action of a trial judge, against the protest of the defendant, in requiring the consolidation for trial before the same jury of separate actions by different landowners for damages to crops from the dumping of manure and rubbish into an adjacent stream is contrary to law, and cannot be sustained as an exercise of judicial discretion.

Appeal by defendant from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed November 23, 1927. Rehearing denied November 30, 1927.

CHARLES H. SOELKE and ALBERT SABATH, for appellant; CHARLES HUDSON, of counsel.

HARRY O. & MAGNUS B. ROSENBERG, for appellee; MILLARD C. EISEMAN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This case has been consolidated under one record, one abstract and one brief with cases, general numbers 31,720, 31,721, 31,722 and 31,723, for hearing in this court.

The actions are all in tort for damages to the crops of the several plaintiffs alleged to have been caused by the dumping by defendant of manure and rubbish in the stream of water known as the "Ogden Ditch" adjacent to the land farmed by the plaintiffs. Against the protest of defendant the trial judge ordered the cases tried at the same time and before the same jury and on the same evidence. There were five separate verdicts and judgments thereon. Plaintiff in this case recovered a judgment for $4,500; the judgment in case No. 31,720 for Leopold Stancato was for $1,600; the judgment in case No. 31,721 for Louis Iannoma was for $5,250; the judgment in case No. 31,722 for Ciacomo Ardita was for $3,700; and the judgment for Harry Stancato, Administrator, in case No. 31,723 was for $2,200.

We have not determined, in the conclusion to which we have arrived, as to the disposition of these appeals, the merits of the several controversies, but we do decide that the judgments cannot be sustained because the rights of the defendant were judicially violated by the action of the trial judge in trying the cases, against defendant's protest, en omnibus. They were not such cases as could be consolidated for hearing. Each was entitled to a separate trial, and the court could not deprive them of that right. It is certainly true that

there is no legal precedent to be found in the reports of this state warranting consolidation of actions in tort for trial. Causes of action in assumpsit by the same plaintiff and against the same defendant might be consolidated and tried together, but as said in *Niles v. Danforth,* 37 Ill. 157, "it is an impossibility that such a motion (to consolidate) should be granted in a court of law where the parties are different." In the instant cases the torts alleged are for damages against different pieces of land and to the crops thereon and are personal to the several plaintiffs.

Counsel for appellees have urged in argument in an attempt to sustain the irregularity of conduct of the trial judge in consolidating the cases for hearing before one jury, on the theory that in so doing the court acted within its judicial discretion. In this they are much in error. Judicial discretion is the exercise of the court's own judgment, within the law. Under the law the discretion reposed in a judge is not an arbitrary one. It is judicial and must conform to the law applicable to the existent condition. A judicial act is one done by a judicial officer which requires the exercise of his discretion and judgment. For a judge to pursue a course which is contrary to law is not the exercise of judicial discretion, but is simply a violation of the law by the judge.

For the foregoing reasons the judgment of the superior court is reversed and the cause is remanded for a new trial under the law as stated in this opinion.

*Reversed and remanded.*

TAYLOR, P. J. and WILSON, J., concur.